B1040 (FORM 1040) (12/15)

FILED
FEB 12 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Carlos Allen | **DEFENDANTS**<br>Douglass Sloan<br>Howard Haley |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pro-Se   1715 Kilbourne Pl NW<br>Wash DC 20010<br>240-678-9846 | **ATTORNEYS** (If Known)<br>Howard Haley |
| **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Debtor Complaint of Proof of Claim

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 100,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR Carlos Allen | BANKRUPTCY CASE NO. 19-00783 |||
| DISTRICT IN WHICH CASE IS PENDING District of Columbia | DIVISION OFFICE | NAME OF JUDGE Teel ||
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]* ||||
| DATE 2-12-20 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Carlos Allen ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

US BANKRUPTCY COURT OF THE DISTRICT OF COLUMBIA
Chapter 13

| | |
|---|---|
| CARLOS ALLEN | ) Case # 19-00783 |
| | ) Chapter 13 |
| Debtor, | ) |
| | ) |
| | ) Case#TBD (Adversary) |
| VS. | ) |
| | ) |
| Douglass Sloan | ) Judge: Hon. S Martin Teel Jr. |
| Howard Haley | ) |
| | ) Date of Next Event: Confirmation |
| Creditor, | ) |

### DEBTOR CARLOS ALLEN'S COMPLAINT OF CREDITORS PROOF OF CLAIM

Comes now the Debtor, Carlos Allen (hereinafter "Debtor"), Pro-Se, and respectfully moves this Honorable Court to administer sanctions to Douglass Sloan and his attorney Howard Haley (hereinafter Creditors) for Fraudulently Misrepresenting Proof of Claim before the court.

1. Creditors grossly and fraudulent misrepresents the amount of the proof of claim by:
(a) The mathematical multiplication computations are incorrect and exceed the correct mathematical amounts by hundreds of dollars that came from an illegal promissory note **(See Exhibit 1 Promissory Note)**
(b) Creditors have mathematically estimated the loan balance and interest fees by computing the sum total balance, plus applicable interest incorrectly. The Debtor paid $17,997.54 towards the loan during 2010 and 2014, and also $2,976 was paid by Anna Allen (Debtor's mother). Sloan has applied all of the contract interest rates (two [2] applications of 2% compounded interest and 24% interest) on the sum total amount of $74,000 rather than deducting the Debtor's payments and applying interest to the remaining principal balance. The inaccurate loan and interest calculations exceed the actual dollars owed by more than one hundred thousand (+$100,000). Instead, Creditors deducted the Debtor's payments made off the bottom line of his total calculations, which is incorrect, and is a gross, illegal, and fraudulent misrepresentation of a proof of claim **(See Exhibit 2 - Creditor Proof of Claim)**.
2. Creditors Proof of Claim includes attorney's fees in the amount of $135,124.82 for a one year period, during 2019. The attorney fees are inconsistent with typical creditor attorney's fees charged for a two-year time frame during 2015 to 2017, where the actual fees were 39,862.99. Attorney Howard Haley started representing Sloan during 2015 and the fees presented in Sloan's Proof of Claim are inconsistent with the annual rates he was charged during 2015 to 2017, and represents an increase of 3.5 times greater ($95,261.83 in two years), than the fees charged during 2015-2017 **(See Exhibit 3 Creditors Pre-Trial Fees 2017)**.
A proof of claim is a sworn and signed document attesting to the validity of a claim. Any misrepresentations in the proof of claim or the documents attached can provide a basis for disallowance, sanctions, or worse.

THEREFORE, the Debtor prays for an order for sanctions against Howard Haley and Douglass Sloan, and awarding the debtor his actual damages, plus punitive damages, and such other remedy as the Court shall deem fit.
Respectfully submitted,

*[signature]*
Carlos Allen
1715 Kilbourne Pl NW
Washington DC 20010

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that copy of the foregoing Complaint was served upon the following via 1st Class Mail:

Howard Haley – 7600 Georgia Ave Suite 405 Washington DC 20012

Rebecca A Herr – 185 Admiral Cochrane Dr #240   Annapolis MD 21401

US Trustee Region 4 - 1725 Duke Street Suite 650 Alexandria, VA 22314

DC Bar  515 5Th Ave NW Wash DC 20001  #117

Respectfully submitted,

_____

Carlos Allen (Pro Se)

1715 Kilbourne Pl NW

Washington DC 20010

Carlos5716@yahoo.com

240-678-9846

2

# EXHIBIT 1

# Promissory Note with Equity Interest Conversion feature

| | | |
|---|---|---|
| Date: | July 23, 2008 | **FILED** |
| Borrower: | Carlos Allen | MAY 14 2009 |
| Borrower's Address: | 9709 Manteo Court | Clerk, U.S. District and Bankruptcy Courts |
| | Fort Washington, MD 20744 | |
| Payee: | Douglass Sloan / Karen James | |
| Place for Payment: | 7600 Georgia Avenue, NW Suite 206 | |
| | Washington, DC 20012 | |
| Principal Amount: | $60,000.00 | |
| Term: | 60 (days) | |
| Rate: | 20% | |

**INTEREST RATE:** The interest rate on matured, unpaid amounts shall be the maximum amount permitted by the Laws of the District of Columbia.

**PAYMENT TERMS.** This Note is due and payable as follows: A single payment of $72,000.00, which shall comprise the total indebtedness hereunder, including principal and interest. Such amount shall be payable in full or, if necessary, in multiple payments until paid in full. If the payment(s) is not paid on prior to the end of the Term, the remaining balance will be subject to the maximum amount of interest permitted by the Laws of the District of Columbia.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, with all interest due as if such indebtedness were carried to maturity.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Payee at the place for payment and according to the terms for payment the principal amount plus interest at the Rate stated above. All unpaid amounts shall be due by the final scheduled payment date.

**DEFAULT AND ACCELERATION CLAUSE.** If Borrower defaults, or if Payee has reasonable purpose to believe Borrower will default, in the payment of this Note or in the performance of any obligation, subject to any cure periods, then Payee may declare the unpaid principal balance and interest to maturity on this Note immediately due and payable. Borrower waives all demands for payment, presentation for payment, notices of intentions to accelerate

DS000064

maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

**INTEREST ON PAST DUE INSTALLMENTS AND CHARGES.** Failure by Borrower to remit payment within the 60th day following the date that such payment is due entitles the Payee hereof to an additional 2% interest on the entire indebtedness. Failure by Borrower to remit payment within another 60 days shall entitle Payee to an additional 2% interest for a second cycle. Payee's forbearance in enforcing a right or remedy, as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein.

**INTEREST.** Subject to "Conversion to Equity Interest" below, Interest on this debt evidenced by this Note shall not exceed the maximum amount of interest that may be contracted for, taken, reserved, charged, or received under law. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this instrument (and any other instruments) concerning this debt. If interest amounts pursuant to this Note are, for any reason, considered usurious, Payee shall have the sole discretion and right to designate and convert indebtedness under this Note into an equity position in the "Subject Property" as set forth in "Conversion to Equity Interest" below.

**CONVERSION TO EQUITY INTEREST.** If for any reason, interest to be earned pursuant to indebtedness under the Note is considered usurious or, alternatively, at the sole option of Payee, Payee shall notify Borrower that it wishes to convert Borrower's Indebtedness hereunder into an equity position in the Borrower's property at 3102 18th Street, NW Washington, D.C. 20010 (the "Property"). Borrower shall pay to Payee an amount equal to 14.5% of the net proceeds of the sale of the Property (the "Equity Amount") within 10 days of sale of the Property. Borrower shall execute, or arrange for the execution of, any document and do anything necessary to ensure Payee's interest in the Property and to ensure Payee is paid the Equity Amount to Payee pursuant to this paragraph.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the Payee and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Payee and applied to this indebtedness in the manner elsewhere herein provided.

**ATTORNEY'S FEES.** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay all costs of collection and enforcement, including reasonable attorney's fees and all costs in addition to other amounts due under this Note.

**SEVERABILITY.** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the

DS000065

application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the District of Columbia, without reference to conflict of law provisions.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this 23rd day of July, 2008.

_____
Carlos Allen

_____
Douglass Sloan

_____
Karen James

_____
Witness

EXHIBIT 2

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | District of Columbia | **PROOF OF CLAIM** |

**Name of Debtor:**
CARLOS ROBERTO ALLEN, JR

**Case Number:**
19-00783-SMT

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
DOUGLASS SLOAN

**Name and address where notices should be sent:**
DOUGLASS SLOAN
c/o THE HALEY FIRM, PC
7600 GEORGIA AVE, NW, SUITE 405, WASHINGTON, DC 20012
Telephone number: (202) 810-6329    email: haleyfirm@gmail.com

**Name and address where payment should be sent (if different from above):**
Telephone number:    email:

**COURT USE ONLY**
☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____
(If known)
Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $ $398,750.20

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Money loaned / Lawsuit regarding promissory note
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):** _____
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____
Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____
Basis for perfection: _____
Amount of Secured Claim: $_____
Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim (See instruction #6)   $20,973.54

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (See instruction #7, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction #8)

Check the appropriate box:

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Howard Haley
Title: Attorney
Company: The Haley Firm, PC
Address and telephone number (if different from notice address above)

(Signature)   01/08/2020   (Date)

Telephone number:   email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Promissory Note with Equity Interest Conversion Feature

| Pg: Paragraph | Description | Date | Amount | Parties To Note | Role |
|---|---|---|---|---|---|
| Source | | | | Carlos Allen | Borrower |
| | | | | Douglass Sloan- | Payee |
| | | | | Karen James | Payee |
| Pg 1 | Debt Incurred | 7/23/2008 | $60,000.00 | | |
| Pg 1:2 | Agreed short term loan fee | | 20% $12,000.00 | | |
| Pg 1:2 | Total Due | | $72,000.00 | | |
| | | 9/22/2008 | $74,640.01 | | |
| | | 11/22/2008 | $77,625.62 | | |
| Pg 1:1; Pg 2:2 | Interest Rate | 1/22/2009 | 2.00% | | |
| Pg 1:4 | | | 2.00% | | |
| Pg 1:4 | Place for Payment | 1-Jul-19 | 24% -Max statutory Rate/Conversion to Equity Interest (on note and fee earned) | | |
| | | | 24% x 4055 days | | |
| | | | Payee designated address: 7600 Georgia Ave, NW, Suite 208 | | |
| Pg 1:5 | Default & Acceleration Clause | | Total amount of accrued interest at the designated rates total $284,598.92 through December 31, 2019. The balance will accrue beyond that amount if not paid before then. Additionally attorney fees continue to accrue for all filings and appearances. $284,598.92 | | |
| Pg 2:5 | Liability for Attorney's fees & Collection Costs | | | | |
| | **Attorney Fees** | | | | |
| | Pro Se Costs Prior to Engaging Counsel | | $1,515.00 | | |
| | The Law Offices of Jonathan Bender | Jonathan Bender | $17,112.96 | | |
| | Page Scranton Sprouse Tucker & Ford, P.C. | Steven Gunby | $4,584.03 | | |
| | The Haley Firm, PC | Howard Haley DC Superior Court | $106,721.08 | | |
| | | Howard Haley US Bankruptcy Court | $5,191.75 | | |
| | | US Bankruptcy Appeals (2) | $57,227.08 $250/218.25 hrs + $,2664.58 Costs $42,544.50 $339/hr per Laffey (125.5 hrs) $6,949.50 | | |
| | Total Litigation Costs to date: | | $135,124.82 | | |
| | *More detailed invoices can be produced if requested. (As litigation is ongoing, attorney fees continue to accrue) | | | | |
| | Payments Applied to Balance: $2976.00 Note calls for the adjustment of principle upon accrual of interest. Interest is accrued upon the total outstanding balance until paid. | | | Carlos Allen Payments Anna Allen Payments | **Total Amount of Claim** $419,723.74 $17,997.54 $2,976.00 |
| | | | | Balance Owed | $398,750.20 |



# EXHIBIT 3

UNITED STATES BANKRUPCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:

CARLOS ALLEN

    Debtor.

Case No. 16-00023
Chapter 7

DOUGLASS SLOAN

    Plaintiff,

v.

No.

CARLOS ALLEN
1715 Kilbourne Place, NW
Washington, DC 20010

    Defendant.

Adversary Proceeding
16-10027

## PLAINTIFF'S PRETRIAL STATEMENT

1) <u>Parties and Counsel:</u>

<u>Plaintiff</u>

Douglass Sloan

<u>Defendant</u>

Carlos Allen

<u>Attorney</u>

Howard Haley

Edward Gonzalez

2) <u>Nature of the case:</u>

1

funds received from the sale of the property. The Defendant has not produced any documents in response to discovery requests of the Plaintiff regarding his involvement with AMG, Inc. or any of his business enterprises.

6. Damages:

The Plaintiff is seeking award of the following damages pursuant to the note that is the subject of this claim:

Principle Money due under the note: $74,908.00
Pre-judgment Interest @ 24% per annum x 8 years $143,824.90
Attorney's Fees and Costs: $39,862.99

Total Damages as of January 21, 2017:  $258,596.69 (+ accruing legal fees)

The Plaintiff also seeks any other relief the Court may deem proper in this matter.

7. Requested Stipulation of Facts:

The Plaintiff requests the stipulation of the following additional facts –
a. The Defendant has not provided any response to Plaintiff's Requests for Admissions and the Court should deem that each of the requests are admitted.
b. The Defendant has admitted that the terms of the note are valid and that he failed to comply with the terms of the note and the valid debt was owed to the Plaintiff.
c. The Defendant executed the sale documents for the subject property located at 3102 18th St. NW.
d. The Defendant knowingly failed to disclose the existence of the Plaintiff's Promissory Note or the purported Brooks Note to the buyer or Settlement Company (LP Title) at the time he executed the sale.
e. The Defendant materially breached the terms of the note when the property was sold and he failed to repay the balance of the note.
f. The Defendant made small payments under the terms of the note until March 2014.
g. The Plaintiff's right to a cause of action accrued in August 2013

10